IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:24-CV-2193-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| MA, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

1

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Ronald Eugene James names as Defendant Dr. Ma, a physician at the Sacramento County Main Jail. See ECF No. 1, pg. 1-2. Plaintiff alleges deliberate indifference to Plaintiff's medical needs by failing to provide adequate medical care following Plaintiff's abnormal electrocardiogram (EKG) results. See id. at 4-5.

Plaintiff asserts that on June 24, 2024, Plaintiff pushed the emergency button in his cell after experiencing chest pains. See id. After approximately ten minutes of waiting for a response, Plaintiff communicated to a person through the intercom that he was having chest pains and had a history of heart problems. See id. Plaintiff asserts that Plaintiff waited another thirty-five minutes before Plaintiff asked his cellmate, Adam Walsworth, to push the emergency button again because Plaintiff could not move. See id. Plaintiff asserts that at that time, the person over the intercom stated he would notify medical. See id. Plaintiff additionally asserts that at that time, his cellmate yelled "man down," to which Deputy Friedricks responded. See id. Plaintiff asserts the sheriff deputies moved Plaintiff to the floor and medical personnel showed up some time later. See id.

Plaintiff asserts that after being taken to medical, Nurse Michelle conducted an EKG, and the results were abnormal. See id. Plaintiff claims that Plaintiff advised Defendant Dr. Ma that Plaintiff was having major chest pains, and it was hard for Plaintiff to breathe. See id. Plaintiff alleges Defendant Dr. Ma failed to give Plaintiff any blood thinning medication, heart and/or pain medication, and refused to send Plaintiff to the emergency room. See id. Plaintiff

2

asserts that, according to Nurse Practitioner Lynn Billet, the county standard is to send inmates to the emergency room when an inmate has a history of myocardial infarction and has abnormal EKG results. See id.

Plaintiff further contends Defendant Dr. Ma failed to perform standard tests, including a Troponin Enzyme test, a stress test, or a second EKG, to check Plaintiff's overall heart condition and to ascertain whether Plaintiff had had a heart attack. See id. Plaintiff asserts these tests are medically essential considering Plaintiff's history of myocardial infarction and present abnormal EKG results. See id. Plaintiff asserts that Defendant Dr. Ma's failure to perform or order these tests amounts to Defendant Dr. Ma's willful failure to provide Plaintiff with adequate treatment. See id. Plaintiff additionally contends Defendant Dr. Ma failed to schedule a follow-up appointment. See id.

Plaintiff claims Defendant Dr. Ma's deliberate indifference to Plaintiff's medical needs caused intentional infliction of extreme emotional pain and distress, anxiety, mental anguish, pain and suffering, a campaign of harassment, sleep disorders, and restlessness. See id.

## II. DISCUSSION

For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a medical deliberate indifference claim under the Eighth Amendment.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . .embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such

that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

///

1           Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not generally give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). However, a claim involving alternate courses of treatment may succeed where the plaintiff shows: (1) the chosen course of treatment was medically unacceptable under the circumstances; and (2) the alternative treatment was chosen in conscious disregard of an excessive risk to the prisoner's health. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

            Plaintiff's complaint fails to state an Eighth Amendment medical care claim against Defendant Dr. Ma because the claim is a medical negligence claim, not an indifference claim. Plaintiff has not alleged facts indicating deliberate indifference. Rather, the facts alleged indicate that Defendant Dr. Ma provided timely treatment to Plaintiff's medical issue. Plaintiff's difference of opinion as to the appropriate course of treatment does not give rise to a cognizable Eighth Amendment claim. See Jackson, 90 F.3d at 332. The Court will nonetheless provide Plaintiff an opportunity to amend to allege additional facts which would allow for at least a reasonable inference of deliberate indifference.

### III.  CONCLUSION

            Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be

complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

**Dated: September 10, 2024**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE