IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:24-CV-2193-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MA, | |
| Defendant. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion to dismiss Plaintiff's first amended complaint. See ECF No. 18. Plaintiff has filed opposition briefs. See ECF No. 20 and 22. Defendant has filed replies. See ECF Nos. 23 and 26. Plaintiff has filed a sur-reply. See ECF No. 27.

   In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual

1

factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. PLAINTIFF'S ALLEGATIONS

This action currently proceeds on Plaintiff's first amended complaint. See ECF No. 11. Plaintiff alleges as follows:

> On June 24, 2024, I was having symptoms of a heart attack. I was having chest pains, shortness of breath, pain radiating down my left arm, and tingling in my hands.
> I was taking [sic] to medical and the EKG confirmed I was having symptoms of a heart attack. Dr. Ma reviewed my EKG and acknowledged I was having symptoms of a heart attack. . . .
> Dr. Ma also reviewed and acknowledged I was prescribed heart medication. . . . I advised her I was out [of medication]. Dr. Ma also reviewed and acknowledged I had two previously reported heat attacks on file.
> Dr. Ma willfully and deliberately failed to provide me with "any" treatment or even schedule a follow-up appointment the following day knowing I was susceptible to having a serious medical issue (heart attack). Dr. Ma told me to return to my housing location without providing me with a wheelchair even though I requested one.

ECF No. 11, pg. 4.

Plaintiff claims that he suffered chronic shortness of breath, frequent heart palpitation, anxiety, mental anguish, and pain and suffering. See id. at 5.

## II. DISCUSSION

Defendant Ma argues in the pending motion to dismiss that Plaintiff's first amended complaint fails to allege sufficient facts to sustain an Eighth Amendment medical deliberate indifference claim. See ECF No. 18-1.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . .embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

(1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See

4

1 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical
2 treatment, or interference with medical treatment, may also constitute deliberate indifference. See
3 Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate
4 that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not generally give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). However, a claim involving alternate courses of treatment may succeed where the plaintiff shows: (1) the chosen course of treatment was medically unacceptable under the circumstances; and (2) the alternative treatment was chosen in conscious disregard of an excessive risk to the prisoner's health. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

According to Defendant Ma:

> Here, Plaintiff contends that Dr. Ma acted with deliberate indifference towards his medical needs when she failed to provide him with "any" medical treatment or schedule a follow-up appointment after he arrived at medical for his symptoms he believed were associated with a heart attack. However, as alleged, Plaintiff, in fact, did receive medical treatment. As conceded in the operative complaint, Plaintiff was taken to the medical unit for evaluation, Defendant performed an EKG, and reviewed Plaintiff's medical records. . . . By Plaintiff's own admission, Defendant rendered medical care to Plaintiff, but Plaintiff apparently disagrees with Dr. Ma's diagnosis. This is not sufficient to sustain a deliberate indifference claim. . . .
>
> * * *
>
> Simply put, even when interpreted most favorably to Plaintiff, the facts as alleged make clear that Plaintiff received medical treatment. Plaintiff merely takes issue with the diagnosis made, though does not allege that her diagnosis was later determined to be wrong. . . .

ECF No. 13-1, pgs. 4, 5.

///
///
///

5

Defendant Ma also argues that Plaintiff has not alleged sufficient facts to show an injury connected to Defendant's conduct. See id. at 4-5. According to Defendant:

> Further, it is unclear what injuries Plaintiff purportedly suffered. He does not allege that he lost function in parts of his body from the failure to render additional treatment. The only physical "injuries" Plaintiff asserts are "chronic shortness of breath" and "frequent heart palpitations," but Plaintiff does not explain how these are connected by Defendant's care. . . . Further, under the Prison Litigation Reform Act ("PLRA") Plaintiff must have a physical injury that is more than *de minimis*. 42 U.S.C. § 1997e(e); Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002); Howard v. Barney, 2019 U.S. Dist. LEXIS 98857, at *9-10 (E.D. Cal. June 11, 2019) (finding allegations of a rash insufficient to meet physical injury requirement of PLRA). Plaintiff's allegations do not meet the threshold for physical injury.

ECF No. 18-1, pgs. 4-5.

Defendant's argument related to liability is unpersuasive. While the Court agrees with Defendant that, generally, a difference of medical opinion does not state a medical deliberate indifference claim, a claim involving an alternative course of treatment may be cognizable. Here, construing Plaintiff's allegations liberally, the Court finds that Plaintiff has stated a plausible claim based on a disagreement with the course of treatment provided. As alleged in the first amended complaint, Plaintiff reported to the medical clinic with symptoms of an ongoing heart attack. He was provided an EKG which confirmed the possibility of an ongoing heart attack. The EKG results were provided to Defendant Ma. According to Plaintiff, Defendant Ma reviewed the positive EKG results and acknowledged that Plaintiff had been prescribed medication. Plaintiff advised Defendant Ma that he had run out of medication. Plaintiff claims that Defendant Ma's course of treatment was to essentially do nothing. Defendant Ma did not provide Plaintiff additional medication. Defendant Ma did not schedule a follow-up appointment. Defendant Ma did not personally examine Plaintiff. A jury could find that these facts show that Defendant Ma's inaction in the face of positive EKG results and Plaintiff's lack of medication constituted a course of treatment which was medically unacceptable under the circumstances and that Defendant's inaction constituted a conscious disregard of Plaintiff's heart attack symptoms.

///

///

As to damages, the Court finds Defendant's argument is also unpersuasive. Defendant correctly notes that, for claims of mental or emotional injury, Plaintiff must allege an actual physical injury that is more than de minimis. See 42 U.S.C. § 1997e(e); see also Oliver, 289 F.3d at 627. Here, while Plaintiff alleges he sustained mental anguish and anxiety as a result of Defendant's conduct, Plaintiff also alleges that he suffered chronic shortness of breath, continued heart palpitations, and general pain and suffering. In the context of Plaintiff's documented heart condition and the alleged failure to provide Plaintiff adequate medical treatment after he reported to the medical clinic with heart attack symptoms, the Court finds that these allegations, construed liberally, indicate more than a de minimis injury.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion to dismiss, ECF No. 18, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 8, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE