IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:24-CV-2193-KJM-DMC-P |
| Plaintiff, | ORDER |
| v. | |
| MA, | |
| Defendant. | |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

  On August 8, 2025, the Magistrate Judge filed findings and recommendations, which were served on the parties, and which contained notice that the parties may file objections within the time specified therein. *See* ECF No. 30. Timely objections to the findings and recommendations have been filed. *See* ECF No. 34.

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case. Having reviewed the file, the court agrees with the magistrate judge's conclusions albeit on different grounds.

  As plaintiff notes in his objections, his claim of deliberately indifferent medical care arises under the Fourteenth Amendment as he was a pretrial detainee in the Sacramento County Jail, and

1

not under the Eighth Amendment, as the magistrate judge indicated in his findings and recommendations.  *See* Objs. at 1, ECF No. 34.  The court notes defendant appears to agree with plaintiff's objection as defendant articulated the standard for deliberately indifferent medical care arising under the Fourteenth Amendment in her motion to dismiss.  *See* ECF No. 18-1 at 3–5; *see also* Reply at 1–2, ECF No. 23.  The difference between an Eighth Amendment claim and a Fourteenth Amendment claim is important because a claim arising under the Eighth Amendment requires the plaintiff show the defendant failed to meet an objective standard of care *and* possessed a subjective intent to cause plaintiff harm, or a "sufficiently culpable mind."  F&Rs at 4 (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  A Fourteenth Amendment claim, however, only is evaluated under an "objective deliberate indifference standard."  *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25.

For a Fourteenth Amendment claim alleging a violation of the right to adequate medical care to survive a motion to dismiss, the plaintiff must plausibly allege:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125.  Under the third prong of this test, the plaintiff must allege "more than negligence but less than subjective intent—something akin to reckless disregard."  *Id.* at 1071 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

While the court disagrees with the magistrate judge's recommendation as articulated, it otherwise agrees with the magistrate judge's analysis of plaintiff's claim and, drawing on that analysis while applying the proper standard for pleading inadequate medical care under the Fourteenth Amendment, finds plaintiff has made out a plausible claim and denies defendant's motion to dismiss.  In brief, plaintiff alleges defendant made an intentional decision to not supply plaintiff with medication even though he was experiencing symptoms of a heart attack and after

1  plaintiff, who had had two previous heart attacks, told defendant he had run out of his heart
2  medication. *See* Am. Compl. at 4, ECF No. 11. Further, defendant did not schedule a follow-up
3  appointment with plaintiff after sending him back to his housing location. *See id*. Defendant's
4  decisions may have put plaintiff at substantial risk of suffering a major heart attack given
5  plaintiff's symptoms and previous medical history. A reasonable official in these circumstances
6  would have provided plaintiff with medication and/or scheduled a follow-up appointment to
7  avoid such a disastrous consequence as a heart attack. Finally, the defendant caused plaintiff
8  harm as he sustained heart palpitations and shortness of breath as well as mental anguish as a
9  consequence of defendant's actions. *See id.* at 4–5.

   Defendant argues she gave plaintiff medical treatment: she provided him, for an example,
11 an EKG test. *See* Mem. at 4–5. Yet crediting plaintiff's allegations, he has not necessarily pled a
12 case in which medical opinions could differ given that plaintiff already was taking heart
13 medication and had a series of previous serious heart-related issues. Given the allegations,
14 plaintiff may ultimately be able to persuade a jury defendant's actions were "medically
15 unacceptable under the circumstances." F&Rs at 6; *cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th
16 Cir. 2006) (holding claim under which jury could infer defendant's course of action was
17 medically unacceptable survived summary judgment). Finally, defendant argues plaintiff has not
18 pled a physical injury that meets the threshold requirement of the Prison Litigation Reform Act
19 (PLRA). *See* Mem. at 4–5 (citing 42 U.S.C. §§ 1997e(e)). The court disagrees, however, and
20 adopts the magistrate judge's recommendation that plaintiff has pled a physical injury sufficient
21 to meet the requirements of the PLRA. *See* F&Rs at 6–7.

   Accordingly, IT IS HEREBY ORDERED as follows:

   1. The findings and recommendations filed August 8, 2025, ECF No. 30, are **adopted to the extent explained above**, applying the appropriate Fourteenth Amendment standard.

   2. Defendant's motion to dismiss, ECF No. 18, is **denied**.

   3. Defendant shall file an answer to plaintiff's first amended complaint within **30 days of the date of this order**.

3

        4.      This matter is referred back to the assigned Magistrate Judge for further proceedings.

This order resolves ECF Nos. 18, 30.

IT IS SO ORDERED.

DATED: September 18, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE