IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD EUGENE JAMES,

        Plaintiff,

    v.

MA,

        Defendant.

No.  2:24-CV-2193-DAD-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for injunctive relief and an extension of time.  See ECF No. 41.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  When a mandatory injunction is sought – one that goes beyond simply maintaining the status quo during litigation – the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly support injunctive relief.  See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc).  Mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases."  Id. (internal quotations

1

omitted).

To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'"  See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v. Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."  Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself.  See id.  This nexus is satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally."  See id. (quoting De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

The Court cannot issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

/ / /

/ / /

2

In the pending motion for injunctive relief, Plaintiff complains that unnamed prison officials at the California Substance Abuse Treatment Facility are soliciting other inmates to murder him, are interfering with his access to the courts, and are interfering with his mail. See ECF No. 41. Despite the potential seriousness of these allegations, the Court finds that injunctive relief is not warranted because there is no nexus between the matters asserted in Plaintiff's motion and the conduct asserted in the operative amended complaint, which proceeds on Plaintiff's Eighth Amendment medical care claim against Defendant Ma and concerns event which occurred in June 2024 at the Sacramento County Main Jail.

Additionally, to the extent Plaintiff seeks an extension of time, the docket does not reflect any deadlines in this case other than the discovery cut-off date of August 21, 2026, and the dispositive motion filing deadline 120 days thereafter. Plaintiff has not explained why additional time to comply with these deadlines is needed.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief and an extension of time, ECF No. 41, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 14, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3